**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Crim. No. 08-603-1** |
| | : | |
| **MAURICE SUMMERVILLE** | : | |

## O R D E R

On May 7, 2009, Defendant Maurice Summerville pled guilty to one count of possession with intent to distribute five grams or more of cocaine base (Count One), one count of using and carrying a firearm during and in relation to a drug trafficking crime (Count Two), and one count of possession of a firearm by a convicted felon (Count Three). 18 U.S.C. §§ 922(g)(1), 924(c)(1); 21 U.S.C. § 841(a)(1), (b)(1)(B).  On August 17, 2010, I sentenced Defendant to an 84-month term of imprisonment on Counts One and Three and a 60-month mandatory, consecutive sentence on Count Two, resulting in a total sentence of 144 months imprisonment. (Doc. Nos. 47, 51.)

On December 7, 2011, pursuant to 18 U.S.C. § 3582(c)(2), I reduced Defendant's sentence on Counts One and Three to 60 months (i.e., the mandatory minimum), thus decreasing Defendant's total term of imprisonment from 144 months to 120 months.  (Doc. Nos. 57, 58.)  As a result, Defendant's was subject to a 120-month *mandatory minimum* sentence: a 60-month mandatory minimum on Counts One and Three, and a 60-month mandatory, consecutive sentence on Count Two.  (Doc. Nos. 58, 61.)

On August 19, 2015, Defendant sought another sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Guidelines Amendment 782.  (Doc. No. 59); see United States v. Powell, 798 F.3d 431, 442 (6th Cir. 2015) (explaining that Amendment 782 reflects the Department of Justice's "Drugs Minus Two" drug-sentencing policy).   Because Defendant is ineligible for a sentence reduction below the statutory minimum, I will deny his Motion.

Section 3582(c)(2) allows a court to reduce a Defendant's sentence only "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Accordingly, I am authorized to reduce a defendant's sentence only if the following three requirements are met:  (1) the Sentencing Commission must have amended the Guidelines and applied that amendment retroactively; (2) the sentence must have been "based on" that since-amended Guidelines range; and (3) the requested reduction must be consistent with the Sentencing Commission's policy statements.  United States v. Blewett, 746 F.3d 647, 665 (6th Cir. 2013) (en banc) (Moore, J., concurring in judgment) (listing § 3582(c)(2) requirements), cert. denied, 134 S. Ct. 1779 (2014).

Defendant cannot satisfy these requirements because, *inter alia*, his requested sentence reduction would be inconsistent with the Commission's policy statement, which limits my authority to reduce a defendant's sentence if a retroactive Guidelines Amendment "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(b)(2)(B). The Guidelines Commentary provides that a request for a sentence reduction is inconsistent with the policy statement where a retroactive Guidelines Amendment "is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision *(e.g., a statutory mandatory minimum term of imprisonment)*."  U.S.S.G § 1B1.10 app. note 1(a) (emphasis added).  Such is the case here, where Amendment 782 does not effectively lower Defendant's applicable Guidelines range because his mandatory minimum sentence is controlling.  See, e.g., United States v. Surratt, 453 F. App'x 202, 203 (3d Cir. 2011) ("A defendant is not eligible for a reduction under § 3582(c)(2) if another statute or provision, such as a statutory mandatory minimum, controls the

defendants sentence."); U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."); <u>United States v. Doe</u>, 564 F.3d 305, 312 (3d Cir. 2009) (same).

Defendant is likewise ineligible for a sentence reduction because his sentence was not "based on" a sentencing rage that the Commission recently amended and made retroactive.  <u>See, e.g.</u>, <u>In re Sealed Case</u>, 722 F.3d 361, 366 (D.C. Cir. 2013) ("Where a defendant actually receives a mandatory minimum sentence . . . [that] sentence is not 'based on' his guideline range, and he is ineligible for §3582(c)(2) relief.").  Rather, Defendant's sentence was based on the *statutory* minimum term of imprisonment, which the Commission lacks authority to alter by amending the Guidelines.  <u>Blewett</u>, 746 F.3d at 656 ("Under the Sentencing Reform Act of 1984, the Sentencing Commission has no authority to contradict congressional mandatory minimum sentences.").  Every Circuit to consider the question agrees that offenders sentenced to statutory minimum terms of imprisonment (where the two narrow exceptions to statutory minimum sentences do not apply, 18 U.S.C. § 3553(e), (f)) are ineligible for sentence reductions under recent retroactive amendments to the Guidelines drug-sentencing provisions.  <u>See, e.g.</u>, <u>United States v. Reevey</u>, 631 F.3d 110, 113 (3d Cir. 2010); <u>Blewett</u>, 746 F.3d at 656; <u>In re Sealed Case</u>, 722 F.3d at 366; <u>United States v. Glover</u>, 686 F.3d 1203 (11th Cir. 2012); <u>United States v. Roa–Medina</u>, 607 F.3d 255 (1st Cir. 2010).

Accordingly, I will deny Defendant's Motion.

  **AND NOW**, this 10th day of May, 2016, upon consideration of Defendant's Motion to

Reduce Sentence (Doc. No. 59), and the Government's Response (Doc. No. 61), it is hereby

**ORDERED** that Defendant's Motion is **DENIED**.

       **AND IT IS SO ORDERED.**

       */s/ Paul S. Diamond*
       _____
       Paul S. Diamond, J.